five three eight astro ball simone mana cavalier versus hailey t tula at this time mr rivera rio please introduce yourself on the record to begin yes good morning your honors and everyone here present uh in the courtroom for the record councillor victor m rivera rios on behalf of the appellant title uh your honor permission to reserve two two minutes at least for rebuttal yes uh thank you your honors uh this appeal is being submitted before this court because we understand that that the case that was used by the district court the case of taniguchi versus campax i find limited 566 us 560 is distinguishable compared to the case in in that we have before you uh in that case they were analyzing whether translation services could be uh cost could be deemed as cost under the statute of 28 usc uh 1920 subsection 6 and it had to do with a district a case before the district court in north of mariana islands uh that case before the north district court of north of mariana islands uh is should not be taken into account when you're talking about a case here in the district court of puerto rico and i'm bringing forth to this uh court that uh in puerto rico we have a in a statute called the jones act which is the um excuse me trying to find the statute here it's 48 usc uh we know that we know yeah but the statute of the jones act is a statute that was particularly made for the district of puerto rico where it states that everything that all although any any claims and all the procedures appeals their sororities judicial proceedings in the u.s district court of puerto rico must be conducted in english this statute does not apply to any other district outside of puerto rico at least in north of mariana islands and i i think taking into account uh taniguchi they the you know in the opinion of honorable judge alito he was taking into account two statutes if the court interpreters act and that taxation cost statute that was something the jones act was not taken into account in that in that case and we understand that because that jones act did not was not used in that case we could distinguish the case that's before this court in order to reverse the district court's decision to not grant the uh cost for i uh what do you i think we have a case though that that sort of says the opposite of what you're arguing here right and i i don't think we held there but we suggested that taniguchi was finding on us in in i was looking at the taniguchi case and i in one one in one page 575 uh judge did not demonstrate that the translations arise with overwhelming frequency in the north of mariana islands and it also uh talked about how those translations are not whether they're considered dispensable or indispensable uh in that court i think that's distinguishable here in puerto rico because even the district court judge uh dominguez had a footnote in his opinion if i recall where he's talked about how puerto rico is mainly spanish-speaking country how we always uh all the translations here in puerto rico day-to-day are frequently are always there's always spanish documents being translated to english those though for me uh you know that that's a day-to-day thing in federal court litigation in puerto rico and and because of that reason we understand that these uh translation services should be deemed as costs and that the yeah council council would you please yeah you've mentioned that footnote too i want to be what what is your understanding that it's it's cited um not really explain what what what is your understanding of the significance of that footnote is it an argument that because here in puerto rico in order to participate in the federal court translation services will always be required because of that english language requirement that as a matter of basic fairness any participant in the federal court proceedings who is a condition of participation has to get translation services they should be able to recover those as costs is that is that sort of the idea yeah i mean we can take that this footnote that judge dominguez i think is number two as you said uh takes into account the you know the historical context of the district of puerto rico but but what we need to take we need to take that footnote with the page 575 of the the case of taneguchi in page 575 judge alito said that respondent in taneguchi did not demonstrate that there's overwhelming frequently of translations that he didn't demonstrate that it's it was dispensable or indispensable i under my understanding with all the respect to your honor is that puerto rico as a mainly spanish-speaking district that that the united states government knew that it was mainly spanish-speaking in 1917 when they passed the jones act they obligated all parties that would submit themselves to the federal court uh of the united states that they need to translate everything to english in fact in this local in this district there's a look three local rules local rule 43 local rule 20 and local rule 5 that states that everything has to be in english all the documents all the depositions everything obviously in the trial testimony and and that's something that that is distinguishable with that taneguchi and if i might turn the page to the um so the second issue here is the attorney fees issue uh in that argument our position is that the district court erred uh in not finding that the response i mean the ability was uh litigating this case in bad faith and we understand that the district court's opinion denying the motion for attorney fees is inconsistent inconsistent with his opinion dismissing the case in his opinion dismissing the case he takes into account on the record everything that occurred one year prior to his decision he talks about how the ability submitted himself in the in the state courts of puerto rico since february of 2020 where the ability actually uh requested remedies under the acara and hag convention uh the haig convention sorry and the acara act they specifically requested that court to assist them they told that court in the puerto rico courts they said this court this uh uh the appellant i mean sorry my client was form shopping in puerto rico and with that argument he's saying it should go to colombia and and the appellee inconsistently doing those arguments in puerto rico state courts then comes to the federal court he himself formed shopping to try to oppress the appellant in being litigating two cases parallel cases that judge dominica understood were were sufficiently similar that merited the abstention doctrine that case was litigated for 10 months and then it was true it was dismissed on november 4th of 2020 but there were two uh remedies that the appellant had and the appellee as well because if they wanted to pursue the request for acara and haig convention remedies they could have filed a motion for reconsideration and an appeal they there was time council because your time is right i just want to be sure on the translation cost what is what what is the what would be the rationale that you want us to adopt as in light of two in particular well what's the rationale that you want us to adopt as to why those costs should be recoverable i i ask that because it sounds to me like what what you're really saying is there needs to be some kind of legislative fix here some kind of statutory amendment that would make clear that these kind of translation costs are are recoverable i'm not sure i understand what the judicial rationale would be for what you're asking so so you're uh honorable judge lipas to your question uh i mentioned that in taneguchi uh honorable judge alito uh interpreted two statutes it was the court interpreters act and the 28 usc section 1920 he interpreted those statutes in conjunction with one another he was making uh interpretation as the definition of interpreters between those two statutes i am coming before you your honor bringing a third statute the gills act statute that statute is should also be interpreted in conjunction with all those other two statutes trying to figure out how that plays out textually so one phrase is compensation of interpreters right yes okay and one possibility is you're saying we should read compensation of interpreters to include the translation here notwithstanding well you should oh your honor i not just that that's subsection six so you're not made so if you're not making that argument the other possibility is you're saying it's other expenses not specifically allowed but by statute but necessary for the case that subsection four talks about necessary cause that may be interpreted as a simplification of cost of making copies of materials where copies are necessary for use in the case as an example i guess uh whenever you have a necessary am i right in meeting the district court with the to say is that that broader provision couldn't be read to authorize costs here because it's not compensation of interpreters that the the district court limited themselves as to interpreters the definition of taneguchi and taneguchi was focused solely on the interpreter uh definition and that subsection correct but the way i read the district court is the district court seems to be saying the other subsections which have provide for other expenses that can be taxes costs right the the other well the other i don't i understood that the district court limited themselves to the interpreter definition as although the taxation of cost guidelines provide that other expenses not specifically allowed by statute but necessary for the case may be taxes cost only with prior authorization granted by the court the court is prevented from exercising its discretion based on the supreme court's determination the compensation of interpreters that may be awarded under the federal taxation of cost statute is limited the cost of oral translation this does not include the cost of document translation so my my understand this is you know respectfully to judge dominguez he he limited himself automatically based on the taneguchi opinion that's but i just i'm trying to understand textually is the point that even though compensation of interpreters might not cover doesn't cover this circumstance based on the definition under taneguchi the other provision can even if what is being covered is the compensation of it is is payment for an interpreter i mean payment for translation payment for translation service and you're saying it doesn't count as compensation of interpreters but who cares because it fits within this other provision and the reason it does is because the jones act makes it necessary for the case is that the argument that's my argument you are yes okay and then you're saying judge dominguez aired the extent that he did because he shouldn't have thought that the compensation of interpreters language has any bearing on whether this expense in consequence of the jones act that normally doesn't apply that's true your honor so if that's the case then would the the the right outcome would be to remand for him to exercise the discretion because it has to be with prior authority of the court we can't grant you the remedy if that if that is the remedy then that we will request that remedy to be remanded and and then to him evaluate it under that uh additional circumstance yes uh should i well i'm done with my permission to withdraw excuse me thank you counsel at this time if the attorney for the affilee will introduce himself on the record to begin your honor your honor on the matter of the translations in addition to amaguchi the first circuit have already decided the same thing that amaguchi did in davila feliciano versus state insurance fund 683 federal third 405 also a 12 a 212 a case same as amaguchi the basic issue here is that the interpretation to 28 usc section 1920 6 number 6 is basically that interpreters when being passed acts as costs include the translation in open court it doesn't include the translation of documents what about this other expenses not specifically allowed by statute but necessary for the case as possible with prior authorization granted by the court well basically he didn't have a authorization from the court a person to rule a 50 40 the reason given for not having the authorization as i read the opinion the only reason given seems to be because it doesn't fall within compensation of interpreters that seems a mistake because they seem to be even if it's not compensation of interpreters it still can be other expenses and then the strange question that we have is can the very thing that doesn't qualify as uh compensation of interpreters nonetheless be other expenses but the answer is yeah because it's a catch-all it catches the things that compensation of interpreters doesn't most times this won't fall within other expenses but the argument is because of the jones act there's a pretty good argument that it's necessary for the case but what's wrong with that well basically your honor i don't i don't read the section 49 of the jones act by the way 1917 statute it's over 100 years no one has interpreted the way mr rivera wants to interpret it it has never been brought forward there before this court he said no it's a new argument it's a novel argument it hasn't been heard before so my reaction is it doesn't say it all it says all the jones act says is the proceedings in the u.s district court shall be in english but because of that shall what is wrong with the idea that this is an expense not specifically allowed by statute otherwise but necessary for the case isn't this an expense necessary for the case it wasn't necessary for the case what mr rivera under the jones did but isn't it isn't it necessary i mean you literally couldn't do any of this untranslated without violating the jones act well what happened on there she excuse me she ordered translation of all the documents filed in the local case at that time that was a totally sorry that was totally unnecessary well that might be the case if you could show that some of it wasn't necessary but some translation in any case in federal court in puerto rico is going to be necessary sometime yes so i think at least to that extent there seems to be some textual hook for the idea that maybe this is covered but the court has to be the gatekeeper if you if you interpret the rule the way mr rivera wants then you will have to do the same thing in Louisiana where you have a french speaking people going to federal court with maybe written documents in french so it's not just puerto rico it's not just the jones act it will be the modus operandi of federal courts throughout the nation it's not just relating to puerto rico yes in puerto rico most people speak spanish and many documents are brought to federal court and has to be translated because it has to be in english but that doesn't mean that because that is happening in puerto rico where the jones act applies it's not happening anywhere else in the nation where the jones act does not apply so we have to change the modus operandi of federal courts throughout the nation that's my position the one thing that mr rivera could not address is the issue of attorney fees and basically the statute does not authorize it it's a one way street it authorizes attorney fees only if the petitioner prevails in a in a convention case that's not the case so therefore there is no abuse of discretion there is no misconstruction of statutory law and open and simply it's wrong that's my position and my time is almost over but if there is any question I'll gladly try to answer it thank you thank you counsel at this time attorney rivera attorney has a two minute rebuttal thank you briefly just a brief rebuttal as to the cost as the jones act only applies to puerto rico it is a unique law for puerto rico and thus we are obligated to translate all documents and it is necessary with regards to attorney fees I would like to try to rebut fellow counsel we understand that the car act does not apply we will accept that but we did request attorney fees based on the rule of privilege litigation in the puerto rico courts they've said that the main purpose of these attorney fees in cases of obstinacy is to impose a penalty on the party that because of its stubbornness obstinacy, rashness, and assistant frivolous attitude has forced other party to needlessly assume the pains, costs, efforts and inconveniences of a litigation that's on the case of top entm ink which is a first circuit case 351 f3 531 and that case talks about how how attorney fees could be awarded if it's understood that the other party was oppressing that party in litigation and forcing that party to incur unnecessary costs and what I wanted to explain was that the historical procedural background of this case before it arrived in federal court it had a one year litigation they've already the appellee had requested the same remedies that he requested in federal court and he was already he submitted himself voluntarily to that jurisdiction a jurisdiction where it was in Spanish a jurisdiction where he also mentioned that it was form shopping because it should be litigated in Colombia which is another Spanish speaking country and because of that reason the appellee had full knowledge that the best place to litigate this case was in Puerto Rico where it was being litigated for a full year and based on that reason Judge Dominguez determined to dismiss the case based on abstention but for some reason he inconsistently said that he was not going to impose attorney fees and we requested that decision be reversed thank you very much thank you that concludes the argument in this case all rise